## In re GUTTERSON.

(District Court, D. Massachusetts.   March 28, 1905.)

### No. 8,228.

1. BANKRUPTS—INTEREST IN ESTATE—SALE.

Where a bankrupt's trustee applied to sell all the interest of the bankrupt in the estate of his father, and the referee found that there was a purchaser who was willing to give a substantial sum for the proposed transfer, and it did not plainly appear that the bankrupt had no right in his father's estate which passed to his trustee, the sale was authorized.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 356–360.]

2. SAME—OBJECTIONS—TIME.

A bankrupt was not entitled to object to a private sale of his interest in the estate before appraisement, for the first time before the judge, but should raise such objections on an application to the referee for a modification of the original judgment.

In Bankruptcy:

H. L. Boutwell, for bankrupt.
Karl Adams, pro se.

LOWELL, District Judge.   The bankrupt's father had died testate before the bankruptcy.   The trustee filed a petition for leave to sell at public auction or private sale "all the right, title, and interest of said bankrupt in the estate of his father."   The referee granted the petition, and the bankrupt has appealed to me on the ground that the bankrupt had no right in his father's estate which passed to his trustee.   For the purpose of this case, I have assumed, without deciding, that the bankrupt is interested in the question presented, and may appeal from the referee's decision.

It is not necessary to determine in this proceeding precisely what right in the estate of the bankrupt's father passed to the trustee in bankruptcy.   The trustee desires to sell this right for whatever a purchaser will pay for it, the purchaser taking the chances of the speculation.   Thus to sell an uncertain claim may benefit the bankrupt estate by saving it from the expense of litigation.   Doubtless the referee may refuse to order the sale of a speculative claim, where the sale is sought merely to annoy the bankrupt, and where the gain to the bankrupt estate will be merely nominal.   In the case at bar, the referee has found that there is a purchaser who will give a substantial sum for the proposed transfer, and a hasty inspection of the will does not satisfy me beyond a doubt that the trustee's claim is unfounded, whether under the will or under intestate succession to property not disposed of thereby.   Under these circum-

stances, neither the referee nor the judge is called upon to make further study of the will or of the law applicable thereto.

At the argument the bankrupt objected to a private sale and to sale before appraisement. It does not appear that these objections were made to the referee, and they cannot be made for the first time before the judge. If either objection is substantial, the bankrupt should apply to the referee for a modification of the original judgment.

Judgment affirmed, with leave to apply as stated above.